MAGNOLIA METAL CO. v. STERLINGWORTH RAILWAY-SUPPLY CO. et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

BREACH OF CONTRACT—ACTION FOR DAMAGES.
　　In an action for breach of a contract by which the defendant agreed to sell specified quantities of certain metals for the plaintiff, and which it wholly failed to perform, the fact that the contract did not specify the price at which sales should be made does not preclude a recovery of damages, in the absence of any showing that the price fixed by the plaintiff was unreasonable, or prevented performance by the defendant.

Appeal from trial term.

Action by. the Magnolia Metal Company against the Sterlingworth Railway-Supply Company and others. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Alexander Thain, for appellants.
Alexander S. Bacon, for respondent.

McLAUGHLIN, J.   On the 25th of June, 1894, the plaintiff and the defendant company entered into a contract, to take effect July 1, 1894, in and by which the plaintiff gave to the defendant company the exclusive right to sell certain metals throughout the United States and Canada for a term of six years, and agreed to pay for services to be rendered in making such sales the sum of $7,500 per year, and in addition thereto 5 per cent. of the total amount received from the sales made, whether by it or the plaintiff itself, within the territory named.   It also agreed to pay to the defendant company $500 for expenses incurred in advertising each year.   In consideration of this right, and the payments to be made, the defendant company agreed that it would sell each year, during the life of the contract, to railroads in the United States and Canada, at least 500,000 pounds of Magnolia metal, and 1,000,-000 pounds of brass, and that during the first year it would introduce the metals specified in the contract upon at least 35 railroads not then using the same, and procure the adoption thereof upon at least 15 railroads within said territory.   After the contract had been in force one year the plaintiff instituted this action to recover $120,000 damages alleged to have been sustained by reason of the defendant company's alleged failure to perform the same between the 1st day of July, 1894, and the 1st day of July, 1895. The action was originally commenced against the defendant company alone, but by stipulation the defendants Coolbaugh and Pomeroy were made parties defendant; they having guarantied the faithful performance of the contract so far as the Sterlingworth Company was concerned.   Several defenses were set up in the answers of the defendants, nearly all of which were abandoned at or prior to the trial.   The real question litigated upon the trial, so far as appears from the record before us, was the amount of damage to which the plaintiff was entitled, if any, by reason of the defendant company's failure to perform.   The jury returned a verdict in favor of plaintiff of $10,000, and from the judgment entered thereon, and an order denying a motion for new trial, the defendants appealed; and they urge that the judgment should be reversed because the plaintiff was not entitled to recover any damages under the contract,—that is, that the contract is in such form that it does not permit a recovery of damages for losses or prospective profits,—and also that the action was prematurely brought.

Upon the trial it appeared from the plaintiff's evidence that the plaintiff performed, up to the time the action was brought, all of the terms of the contract on its part to be performed; that it paid the $7,500 for services, the $500 for advertising, and the commissions, amounting to $257.89, specified in the contract.   It also appeared that the defendant company during that time wholly failed to perform; that it did not introduce the metal upon 35 railroads, or procure the adoption of the same upon a single one; that it did not sell 500,000 pounds of Magnolia metal, or 1,000,000 pounds

of brass. On the contrary, all that it sold of both metals combined was 6,834 pounds. It further appeared that, had the defendant company performed, the plaintiff, between the time the contract went into effect and the commencement of the action, would have realized in profits upwards of $120,000. This evidence was not materially contradicted by the evidence offered on the part of the defendants. It was thus made to appear, and the jury by their verdict have found, that the plaintiff performed on its part, and that the defendant company wholly failed and neglected to do what it agreed to. The plaintiff therefore had a legal right to terminate the contract at the end of the first year, and to maintain an action to recover such damages as it had sustained up to that time. The truth is the defendant company not only wholly failed to perform, but it does not appear that it made any genuine attempt to perform. It was content to receive the benefits under the contract, without giving anything in return for it. The plaintiff, under such circumstances, was not bound to continue payment. It could do just what it did,—terminate the contract at the end of the first year, and sue for damages.

It is suggested that the plaintiff ought not to be permitted to recover damages for a failure to sell the metal, because the price at which it was to be sold was not specified in the contract. The answer to this suggestion, if any be needed, is that it nowhere appears that the price fixed by the plaintiff was unreasonable, or that by reason of the price the defendant company was prevented from performing. It is also suggested that the action was prematurely brought against the defendants Coolbaugh and Pomeroy. We do not think so. They guarantied that the defendant company would perform, and, besides, it was at their request and upon their consent that they were made parties defendant to the action.

The verdict rendered was extremely favorable to the defendants. Indeed, it is difficult to see how the jury reached a conclusion so favorable to them. The plaintiff paid the Sterlingworth Company over $8,000 in money. It recovered a judgment of $10,000,—but little more than it actually paid out. A fair consideration of the evidence would have justified a much larger verdict. We have been unable to find that any errors were committed in the admission or rejection of evidence, or that injustice has been done the defendants, or any of them, which calls for a reversal of the judgment.

The appeal from the order denying a motion for new trial, and the judgment appealed from, should be affirmed, with costs. All concur.